

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

*Dallas Co.*

The Texas State Board of Medical Examiners
918-19-80 Texas Bank Building
Dallas, Texas

Gentlemen:

Opinion No. 0-2975
Re: Resolution passed by Texas
State Board of Medical Exami-
ners — effect of as imposing
obligation upon Board to ad-
mit graduates of Chicago
Medical School to examination.

This will acknowledge receipt of your letter of December 11, in which you asked the opinion of this department on the question whether a resolution adopted by the Board in June, 1940, would obligate the Board in any way respecting the admission of graduates of the Chicago Medical School to take the medical examination given by the Board.

The effect of the resolution, which you quote in your letter, is to express the opinion of the Board that all graduates of the Chicago Medical School who applied to the Board for examination prior to May 21, 1939, were legally entitled to take the examinations given by the Board, since May 21, 1939, was the date of the adoption by the Board of the standard for a reputable medical school and was the date on which that standard was applied to the Chicago Medical School.

In our opinion No. 0-2930, we pointed out that under the express provisions of the law, the Board cannot lawfully examine one who graduated from a medical school which was not "reputable medical school." We emphasize the fact that the character of the school at the time the applicant attended and graduated therefrom controls, rather than the reputableness of the medical school prior to or subsequent to the attendance and graduation of the applicant. It is incumbent upon the Board, under the provisions of the statutes, to determine, when applicants present themselves for examination, whether such applicants are graduated from a "reputable medical school." In determining

The Texas State Board of Medical Examiners, Page 2

this question, it is, of course, necessary that the Board determine when the particular applicant attended and graduated from a particular medical school, and determine whether such medical school was, at that time, a "reputable medical school." If a particular medical school, during a certain period of time, was not a reputable medical school, the Board cannot determine that to be true and at the same time permit applicants who graduated from that school during that period of time to take the examinations. It is the character of the medical school from which the applicant graduated which controls, and not the time of his application to the Board for examination.

The resolution passed by the Board is not entirely clear. We are unable to determine whether the Board, on May 21, 1939, determined that the Chicago Medical School was not at that time and never had been a "reputable medical school," within the meaning of the statutes, or whether the finding of the Board with respect to the reputableness of the school had only prospective operation, or whether the finding of the Board with respect to the reputableness of the school had reference to a stated period of time not expressed in the resolution. What has been said above, in connection with what has been said by this department in opinion No. 0-2930, however, is, we believe, entirely sufficient to enable the Board to determine whether the particular applicants for examination should be permitted to take such examinations.

Answering your question by a general statement of the law, you are advised that the Board cannot legally obligate and bind itself in any manner to accept for examination applicants who graduate from a medical school which is not "reputable," within the meaning of the statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _R.W. Fairchild_

R.W. Fairchild
Assistant

APPROVED DEC 18, 1940

RWF:db

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS